IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NAPOLEON POLLARD,
ADC #89052                                                                                      PLAINTIFF

v.                                          5:07CV00259 JMM

J.K. BUCHMAN, et al.
                                                                                               DEFENDANTS

ORDER

Plaintiff, a state inmate proceeding pro se seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(DE #1).

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350 for this action.[2]  Plaintiff has submitted a certified copy of his Inmate Trust Fund Account Statement.  Based on that information, an initial partial filing fee of $9.83 is assessed by this

---

[1] The plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, plaintiff decides not to continue to prosecute this action, plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Fed.R.Civ.P. 41.

If plaintiff has not completely exhausted his administrative remedies with respect to all his claims, he may file a motion to dismiss his unexhausted claims and then proceed with this complaint on the exhausted claims.

[2] Effective April 10, 2006, the statutory filing fee increased to $350.00.

Order.  Upon payment of that initial partial filing fee, plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to plaintiff's prison trust account each time the amount in the account exceeds $10.00.  Plaintiff's present custodian, the Director of the Arkansas Department of Correction, and any future custodians, are required to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from the plaintiff's prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The Court is also required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1), (2).

The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of such a claim.  The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation."  Neitzke v. Williams, 490 U.S. 319 (1989).  A claim will be dismissed as frivolous, therefore, where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and

each allegation must be accepted as true.  See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984).  A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In this particular case, however, it is unclear whether the defendants named in plaintiff's complaint are state actors.  Therefore, plaintiff's complaint as it now stands is too vague and conclusory to enable the Court to determine whether the complaint is frivolous, fails to state a claim for relief, or does in fact state a legitimate cause of action.  Accordingly, plaintiff shall file an amended complaint within thirty (30) days of the date of this Order and specifically and clearly state the following: (1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the plaintiff's constitutional rights.  In addition, plaintiff shall clarify to the Court the employer of each of the individual defendants named, together with any facts setting forth an agreement between the defendants and the ADC to provide inmate medical care and treatment.  Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.

Accordingly,

    IT IS, THEREFORE, ORDERED that:

    1.  Plaintiff's request to proceed in forma pauperis (DE #1) is GRANTED.

2. The Director of the Arkansas Department of Correction or his designee shall collect from plaintiff's prison trust account an initial partial filing fee in the amount of $9.83 and shall forward the amount to the Clerk of the Court. Said payment shall be clearly identified by the name and number assigned to this action.

3. Thereafter, the Director of the Arkansas Department of Correction or his designee shall collect from plaintiff's prison trust account the $340.17 balance of the filing fee by collecting monthly payments from the account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account each time the amount in the account exceeds $10.00, and shall forward those payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2). Those payments also shall be clearly identified by the name and number assigned to this action.

4. In accordance with the above instructions, plaintiff shall file an amended complaint within thirty (30) days of the date of this Order. Failure to file an amended complaint will result in dismissal of this action without prejudice. See Local Rule 5.5(c)(2).

5. The Clerk of the Court is directed to send a copy of this Order to the Arkansas Department of Correction Compliance Office, P.O. Box 20550, Pine Bluff, AR 71612; to the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, AR 71611; and to the Warden of the Diagnostic Unit, 7500 Correction Circle, Pine Bluff, AR 71603.

IT IS SO ORDERED this __24__ day of __Ocotber__, 2007.

*James M Moody*
United States District Judge